■ JOHN W. NANCE, Respondent, v. TOWN OF OYSTER BAY et al., Appellants, and TOWN OF HUNTINGTON et al., Respondents.— In a taxpayer's action pursuant to statute (General Municipal Law, § 51), by a taxpayer of defendant Town of Oyster Bay, to enjoin defendants, Board of Trustees of the Town of Huntington and the United States Dredging Corporation, from continuing dredging operations in Cold Spring Harbor; to recover $1,650,000 from said trustees and corporation for the benefit of the Town of Oyster Bay; and to declare illegal a certain dredging agreement between such town and said corporation, the defendants, Town of Oyster Bay, its Town Board and the Dredging Corporation appeal from an order of the Supreme Court, Nassau County, dated June 29, 1960, denying their motion to dismiss the amended complaint for patent insufficiency (Rules Civ. Prac., rule 106), and for summary judg-

ment dismissing the complaint (Rules Civ. Prac., rule 113). Order affirmed, with $10 costs and disbursements. No opinion. Beldock, Acting P. J., Kleinfeld, Christ and Brennan, JJ., concur; Pette, J., concurs in the affirmance of that part of the order which denied the motion made pursuant to rule 106, but dissents and votes to grant the motion made pursuant to rule 113, with the following memorandum: While the complaint *pro forma* may have been sufficient to survive the moving defendants' motion to dismiss for patent insufficiency, in my opinion the plaintiff's showing in opposition to the summary judgment branch of the motion was wholly inadequate to establish that the officials of the Town of Oyster Bay, in making the settlement assailed, acted either fraudulently, collusively or in bad faith. The plaintiff's showing of waste is founded only on suspicion and surmise. Such a showing is inadequate to overcome the rule that where town officials exercise their discretionary power to settle a disputed claim, their acts may not be judicially reviewed, if such acts involve a mere error in judgment.